[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11963
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-01239-TWT

JANICE CANTRELL,
THE ESTATE OF ANTOINE CANTRELL,
A.C., JR.,
a minor,
A.C.,
minor, by and through their next friend,

Plaintiffs-Appellees,

versus

WESLEY WHITE,
individually and in his official capacity as
a police officer of the City of College Park, Georgia,

Defendant-Appellant,

THE CITY OF COLLEGE PARK,
a Municipal Corporation of the State of Georgia,
d.b.a. College Park Police Department,

Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 1, 2016)

Before WILLIAM PRYOR, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Officer Wesley White of the City of College Park, Georgia, appeals the denial of qualified immunity in an action stemming from his fatal shooting of Antoine Cantrell while arresting him for domestic assault. Janice Cantrell, as the representative of her son's estate and his children, filed a complaint that White's use of deadly force to arrest Antoine was excessive, in violation of the Fourth Amendment, *see* 42 U.S.C. § 1983, and caused Antoine's wrongful death, *see* Ga. Code §§ 51-4-2, 51-4-5. The district court ruled that a material "question of fact whether White's use of deadly force was reasonable under the Fourth Amendment" barred summary judgment. We affirm.

The parties dispute whether Antoine was struggling with White at the time of the shooting. According to White, Antoine defied commands to surrender, White approached him from behind to apply handcuffs, the two men struggled for control of White's gun, and the gun discharged accidentally into Antoine's back. But the Cantrells proffered evidence that White shot Antoine after he surrendered.

2

The district court did not err when it ruled that "a reasonable jury could infer that Cantrell, who was unarmed, did not 'pose a threat of serious harm' to White." *See Tennessee v. Garner*, 471 U.S. 1, 11 (1985); *Perez v. Suszczynski*, 809 F.3d 1213, 1218 (11th Cir. 2016). That inference could be drawn, as the district court ruled, from the Cantrells' "evidence that [Antoine] was on his knees with his hands behind his head and had stopped resisting at the time of the shooting." The Cantrells' forensic pathologist opined that Antoine was the victim of "an 'execution-style' shooting" based on the findings of the medical examiner that Antoine sustained a close range gunshot wound, that the bullet entered Antoine's back between his third and fourth vertebrae and traveled upward slightly from left to right until it lodged in his throat, that he had abrasions and bruising on his hands and legs, and that he had soot on the sleeve of his shirt. Officers Tami Fowler and Robert Northcutt testified that they saw White and Antoine tussling before the shooting, but the district court ruled that the officers' testimony was not dispositive because "neither Fowler nor Northcutt witnessed the shooting." A material factual dispute exists about whether Antoine posed a threat of serious harm to White when the shooting occurred.

White argues that the Cantrells' version of events conflicts with the undisputed facts that there was no "powder residue on Antoine's shirt sleeve, hand or wrist" and that White's gun was in "close or loose contact with [Antoine's]

3

skin," but White failed to present this argument to the district court. In any event, those undisputed facts do not establish conclusively that Antoine posed a threat of serious harm to White. *See Scott v. Harris*, 550 U.S. 372 (2007). "A summary judgment may be improper even though the basic facts are undisputed if the parties disagree regarding the material factual inferences that properly may be drawn from these facts." *Winters v. Highlands Ins. Co.*, 569 F.2d 297, 299 (5th Cir. 1978) (quoting *Lighting Fixture and Elec. Supply Co. v. Continental Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969)). A reasonable jury could infer from the absence of gunpowder on Antoine's shirt and from the "close or loose contact" between the gun and Antoine that he was not struggling with White when the gun discharged.

We **AFFIRM** the denial of White's motion for summary judgment based on qualified immunity.